## MUNROE v. GULF, C. & S. F. RY. CO.* (No. 2768.)

(Court of Civil Appeals of Texas. Texarkana. June 14, 1923. Rehearing Denied June 28, 1923.)

Master and servant ⟨⟩286(3I)—Evidence of negligence causing death of brakeman held insufficient to take case to jury.

In an action for death of brakeman, killed by a backing locomotive, where the petition alleged negligence in failing to keep the roadbed in proper condition, and in running the engine at a rapid speed without light on rear end of tender and without an employee on the running board of the tender, evidence *held* insufficient to take case to jury.

Appeal from District Court, Cooke County; C. R. Pearman, Judge.

Action by Nancy White Munroe, administratrix, against the Gulf, Colorado & Santa Fé Railway Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Stuart, Bell & Moore, of Gainesville, for appellant.

Garnett & Garnett, of Gainesville, and Terry, Cavin & Mills, of Galveston, for appellee.

HODGES, J. In March, 1920, Homer White, a former husband of the appellant,

Nancy White Munroe, was killed by a locomotive in the yards of the appellee at Davis, Okl. White was a brakeman on a freight train, and was in the discharge of his usual duties at the time he was killed. The facts show that the train with which he was connected arrived at Davis about 6 o'clock p. m. on the day of the accident. The engine had been detached from the train for the purpose of doing some local switching. It was left standing at the water tank in the south end of the yards, while the crew, consisting of the conductor, the engineer, fireman, and three brakemen, went to supper. While at supper one of the brakemen told the engineer, in the presence of White, that when he returned to the engine to move it to the north end of the yard. While the engine was backing in that direction, White was killed. The evidence shows that, when the crew returned to the engine, White and another brakeman, Dunn, walked on toward the north end of the yards. The inference is that White was killed while attempting to step on the running board of the tender. No one saw the accident. His body was found with his feet on the outside of the rail, and his head and arms on the inside. Only one witness testified upon the trial as to the circumstances under which the accident occurred. At the conclusion of the evidence the court gave a peremptory instruction in favor of the defendant.

In her petition the appellant alleged negligence on the part of the railway company in failing to keep its roadbed in proper condition, in failing to have a light on the rear end of the tender at the time the engine was backing north, and in failing to have an employee standing on the running board of the tender. She also alleged negligence in running the engine at a rapid rate of speed. The witness Allen, upon whom the plaintiff relied to make out a case of negligence, testified at considerable length, and was examined and re-examined many times. His statements were in some respects conflicting, but when his testimony is considered as a whole it fails to show any negligence in the manner charged in the plaintiff's petition. According to this witness the roadbed was in good condition, the engine was not running at a rapid rate of speed, there was a red light on the rear end of the tender, and there was nothing to indicate that the failure to have another employee on the running board of the tender was the proximate cause of the accident. White had his lantern, and knew the engine was due to come that way. The bell of the locomotive was ringing as it approached him, and there was every opportunity for him to observe the proximity of the engine. It was White's privilege, if the engine had been going at too rapid a rate of speed, to signal the engineer to slow down to enable him to mount the running board in safety.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction October 24, 1923.

Taking the evidence in its entirety, we are of the opinion that the court properly instructed a verdict for the defendant, and the judgment is affirmed.